IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:22-CR-127 (LMB) |
| SOLOMON PENNINGTON, | Sentencing Date: January 31, 2023 |
| *Defendant*. | |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, through undersigned counsel, in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, Guidelines Manual (USSG), § 6A1.2 (2018), hereby files this Position of the United States with Respect to Sentencing in this case. The government has reviewed the Presentence Report and concurs with the findings of the Probation Office. Accordingly, and despite the guidelines agreed to by the parties, the defendant's adjusted offense level under the USSG is 23, which at his Criminal History Category of I, yields a guidelines range of 46-57 months. Nevertheless, the government respectfully submits that this Court impose a sentence of 6 months' imprisonment. This recommendation is a significant departure from the guidelines and is primarily appropriate to both promote respect for the law and avoid unwarranted sentencing disparities, given this Court's decision to impose sentences of time served on co-defendants Joseph Burtt, Robert Spear, Hayden Pennington, and Roy Williams.

The government agrees that the defendant has assisted authorities in the prosecution of his own misconduct by timely notifying the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the

government and the Court to allocate their resources efficiently. The government moves for a one-level reduction pursuant to U.S.S.G. § 3E1.1(b). The Probation Office has taken this reduction into account in its Guidelines calculation and it is reflected in paragraph 78 of the Presentence Report.

## BACKGROUND

As detailed in the Presentence Report, JointVentures, LLC., was a business devoted to the unlawful sale of marijuana and THC products in the Washington, D.C., metropolitan area. Although certain activity involving marijuana and THC is lawful in the District of Columbia, Virginia, and Maryland, JointVentures, and its various employees, including Solomon Pennington, knowingly conducted its business beyond the purview of these rules and federal law.

Solomon Pennington joined JointVentures in 2020. He acted as a delivery driver, he prepared marijuana and THC for delivery to customers, he met with an paid suppliers, and he occasionally made cash deposits into the company's accounts at the direction of its CEO and CFO: Connor Pennington and John Fischel.

For example, on April 28, 2021, Solomon and Connor Pennington visited a warehouse in Hyattsville, Maryland, that JointVenture's used to store "vape cartridges" that contained marijuana as well as containers of THC wax. Law enforcement observed them load boxes containing to these products into a vehicle, which was later stopped. At the time of the stop, the vehicle contained 405 vape cartridges and 47 containers of THC wax.

By way of further example, on January 13, 2022, Solomon again traveled with his brother Connor Pennington to a Bank of America branch in Arlington, Virginia, where Connor deposited cash derived from JointVenture's illegal sale of marijuana and THC into a company account.

On July 7, 2022, a grand jury in the Eastern District of Virginia returned a five-count

indictment, in which Solomon Pennington was charged with conspiracy to distribute marijuana/THC, in violation of 21 U.S.C. § 846, conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B). On August 10, 2022, Hayden Pennington was arrested based on the indictment. On November 1, 2022, Solomon Pennington pleaded guilty to Count 1 of the indictment.

ANALYSIS OF SENTENCING FACTORS

I. Overview of Applicable Law

Although the United States Sentencing Guidelines are advisory, *United States v. Booker* provides that a sentencing court "must consult those Guidelines and take them into account when sentencing." 543 U.S. 220 (2005). "[A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in Section 3553(a) before imposing the sentence. *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

Under Title 18, United States Code, Section 3553, the Court must consider the nature and circumstances of the offense and the characteristics of the defendant. In addition, the Court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) and (B). The Court must consider the need for the sentence imposed to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2)(C) and (D). The Court must also consider the need to avoid unwarranted sentence disparities among defendants with

similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

II.     Sentencing Recommendation

The government submits that the guidelines are appropriately calculated at adjusted offense level 23 and Criminal History Category I, rendering an advisory range of 46-57 months. Still, the government submits that a sentence of 6 months' imprisonment is sufficient to promote respect for the law and necessary to avoid unwarranted sentencing disparities. Solomon Pennington's role in the conspiracy was distinct from his conspirators in that he more directly aided the conspiracy's leader, Connor Pennington, in his day-to-day management of the activity.

Still, this Court must ensure that Solomon Pennington's sentence is not inappropriately disparate from his conspirators. Here, Mr. Spear, Mr. Burtt, Hayden Pennington, and Mr. Williams have been sentenced to time served for the same offense and were assessed similar guidelines (though Mr. Spear did receive s two-point enhancement for his managerial role). The government respectfully urges the Court to adopt its recommendation because Solomon Pennington's role can be distinguished from these conspirators and because a sentence of time served would not promote respect for the law.

## CONCLUSION

Consequently, the government submits that a sentence of 6 months' imprisonment is reasonable and "sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]."  18 U.S.C. § 3553(a).

Respectfully submitted,

Jessica D. Aber
United States Attorney

_____/s/_____
David A. Peters
Assistant U.S. Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
David.Peters@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 26, 2023, I filed the foregoing with the Clerk through CM/ECF and provided an electronic copy to Ann Rigby, Esq. counsel for the defendant.

      Jessica D. Aber
      United States Attorney

      _____/s/_____
      David A. Peters
      Assistant U.S. Attorney
      United States Attorney's Office
      Eastern District of Virginia
      2100 Jamieson Avenue
      Alexandria, VA 22314
      (703) 299-3700
      David.Peters@usdoj.gov